ORIGINAL

JACK SCHWEIGERT, ESQ.
550 Halekauwila, Room 309
Honolulu, HI 96813
Phone: 533-7491

Attorney for Defendant Lenora Jean Aitchison

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 23 2006

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LENORA JEAN AITCHISON,<br><br>Defendant. | CR. NO. 02-0307 DAE<br><br>DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS ALL EVIDENCE SEIZED, ALL STATEMENTS OF DEFENDANT, AND FOR EVIDENTIARY HEARING; MEMORANDUM OF LAW DECLARATION OF JACK SCHWEIGERT, ESQ.; EXHIBIT 10; CERTIFICATE OF SERVICE<br><br>TRIAL WEEK: July 18, 2006<br><br>NON-HEARING MOTION |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS ALL EVIDENCE SEIZED, ALL STATEMENTS OF DEFENDANT AND FOR EVIDENTIARY HEARING**

**1. Ms. Aitchison has the right to relitigate a factual issue going to credibility**

The government questions Ms. Aitchison's ability to present new evidence to the court. (U.S. Memo in Opp. @ 1-2 [hereinafter "Opp Memo"]) This contention is without merit for Ms. Aitchison could even present such new evidence at **TRIAL**. *Anderson v. U.S.*, 352 F.2d 945 (D.C. Cir. 1965). In that regard, the new facts set forth in the Declarations of Robert Patton, Roberta Patton, Jannette Gouker, and George Walls, confirm the existence of the No Trespassing signs on Ms. Aitchison's property. Such evidence casts reasonable doubt on the **CREDIBILITY** of government witnesses who said they did not see the No Trespassing signs (which were so numerous that Mr. Walls considered them "intimidating.") (Transcript of 4/10/06 @ 19-20 & 61-62) In such circumstances the trial court actually has a **DUTY** to reconsider the suppression issue. *U.S. v. Watson*, 391 F.Supp.2d 89, 93 (D.C. Cir. 2005); *Rouse v. U.S.*, 359 F.2d 1014, 1015-1016 (D.C. Cir. 1966).

This credibility issue extends into more than whether these officers saw the No Trespassing signs, but also whether they could see marijuana from the air. In that regard, the aerial photo presented to the court shows the thick vegetation on Ms. Aitchison's property with the only access to Ms. Aitchison's home being the driveway that Detective Kanehailua admitted was the only access to Ms. Aitchison's home. (Transcript of 4/10/06 @ 21) Yet from the air, Detective Hatton could not even determine whether Ms. Aitchison was a male or female, or even provide any distinguishing features on "THE face." (Transcript of 4/10/06 @ 66) Detective Hatton further testified there was not anything real conspicuous or striking, "like an orange or something that would stick out." (Transcript of 4/10/06 @ 67)[1] This conflicts with Detective Kanehailua who specifically testified Ms. Aitchison's shirt was **RED**. (Transcript of 4/10/06 @ 34) When adding the officers contentions of not seeing any No Trespassing signs with the disparity that already exists between the testimonies, "such evidence casts reasonable doubt on the **CREDIBILITY** of government witnesses," which the court has a duty to examine. *Id.*.

---

[1] Then when they were on the ground, Officer Hatton referred to Ms. Aitchison's T-shirt as "off white." (Transcript of 4/10/06 @ 72).

3

## 2. The government misconstrues *Segura*

The government reiterates[2] that this case is not an "exigent circumstances case" because all of the marijuana was seized pursuant to a search warrant. (Opp Memo @ 5) By taking such approach, the government foregoes any ability to meet its burden of proving the existence of exigent circumstances. In that regard, any search carried out on a suspect's premises without a warrant is "*per se* unreasonable" unless the police can show that the search falls within one of the carefully defined exceptions. *Coolidge v. New Hampshire,* 403 U.S. 443, 474-475 (1971). Further, it is a well established principle that except for these well-delineated exceptions, **NO** quantum of probable cause will justify a warrantless search. *Agnello v. U.S.,* 269 U.S. 20, 33. The government argues *Segura* allows a **SEARCH** to take place under the guise of "securing the premises, based upon probable cause in order to obtain a search warrant therefore." (Opp Memo @ 5)[3]

---

[2] At the outset of the suppression hearing on April 10, 2006, the government argued,
> "[t]his is not an exigent circumstances/warrantless search case. This is a case involving the securing of property based upon probable cause for the purpose of securing a search warrant. (TR of 4/10/06 @ 4).

[3] Ms. Aitchison set forth in her earlier memo @ 4-8 that the search warrant was an after thought in this case prompted by the observation of marijuana during the

However, the government's interpretation of *Segura* is without merit.[4] More specifically, the *Segura* court identified the difference between a "search" and "a seizure." In that regard,

> . . . **securing** a dwelling, on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable **SEIZURE** of either the dwelling or its contents. We **REAFFIRM** at the same time, however, that, absent exigent circumstances, a warrantless **SEARCH**. . . is **ILLEGAL**.
>
> *Segura v. U.S.*, 468 U.S. 796, 810 (1984)

The *Segura* court found no 4th Amendment violation because there was no reference made in the affidavit for a search warrant to any of the evidence the police observed during the initial entry. *Id.* 814. In response to the suggestion by the Petitioner that finding no 4th Amendment violation would heighten the possibility of illegal entries, the court in *Segura* explained,

---

illegal entry onto her property. (See also Transcript of 4/10/06 @ 55-56, attached as Exhibit 10)

[4] In support of its *Segura* analysis, the government also chides Ms. Aitchison on her use of *U.S. v. Napue,* 834 F.2d 1311 (7th Cir. 1987) arguing that "although the police officers did not have a right to search the room, they did have a right to enter the room and secure it," relying on *Segura*. (Opp Memo @ 5) However the *Napue* court found just the **OPPOSITE**, ruling that "*Segura* does **NOT** apply and the evidence found in the room should have been suppressed because the government failed to meet its burden of proving the existence of exigent circumstances. *Id.* @ 1326-1328.

> Petitioners argue that we heighten the possibility of illegal entries by a holding that the illegal entry and securing of the premises from the inside do not themselves render the **SEIZURE** any more unreasonable than had the agents staked out the apartment from the outside. We **DISAGREE**. In the first place, an entry in the absence of exigent circumstances is **ILLEGAL**. We are unwilling to believe that officers will routinely and purposely violate the law as a matter of course. Second, as a practical matter, officers who have probable cause and who are in the process of obtaining a warrant have no reason to enter the premises before the warrant issues, absent **EXIGENT CIRCUMSTANCES** which, of course, would justify the entry. *(citations omitted)* Third, officers who enter illegally will recognize that whatever evidence they discover as a direct result of the entry may be **SUPPRESSED** as it was by the Court of Appeals in this case. Finally, if officers enter **WITHOUT** exigent circumstances to justify the entry, they expose themselves to potential civil liability. . .
>
> *Id.* 811-812

### 3. The government misconstrueS *Hammett*

The government argues that federal law expressly permits law enforcement officers to enter the curtilage of a residence to question the occupants, citing *U.S. v. Hammett,* 236 F.3d 1054 (9th Cir. 2001). (Opp Memo @ 5)[5] However, when the court in *Hammett* ruled that a law enforcement officer could encroach upon the curtilage of a home for the purpose of asking questions of the occupants, it referenced the case of *Davis v. United States,* 327 F.2d 301 (9th Cir. 1964) when concluding,

---

[5] The court makes the same erroneous ruling which Ms. Aitchison objects to. (Court Order @ 11)

> anyone may "openly and peaceably knock [on an individual's door] with the honest intent of asking questions of the occupant thereof -- whether the questioner be a pollster, a salesman, or an officer of the law.
>
> Hammett, supra @ 1059.

However, in *Davis,* this ability was <u>QUALIFIED</u>, *i.e.*,

> **ABSENT** express orders from the person in possession against any possible trespass, there is no rule of private or public conduct which makes it illegal per se, or a condemned invasion of the person right of privacy, for anyone openly and peaceably, at high noon, to walk up the steps and knock on the front door of any man's "castle" with the honest intent of asking questions of the occupant thereof -- whether the questioner be a pollster, a salesman, or an officer of the law.
>
> Davis, supra @ 303.

In the case at bench the locked chain (Transcript of 4/10/06 @ 70-71) across a driveway certainly constituted notice of an intent to protect the curtilage of Ms. Aitchison's dwelling from observation by people passing by which the officers could not ignore without violating the 4th Amendment. Further, the posting of No Trespassing signs is equally significant in terms of constituting an effort to protect the inner areas of a parcel from observation.[6] In short, *Hammett* is inapposite to the facts of this case.

---

[6] The fact that Ms. Aitchison was "topless" at the time the police flew over her home is further evidence she truly thought the curtilage of her home was private.

7

## CONCLUSION

For the foregoing reasons and those set forth in the original motion, the court must reconsider and order all evidence seized and statements made by Ms. Aitchison suppressed.

DATED: Honolulu, Hawaii; May 23, 2005.

_____
JACK SCHWEIGERT, ESQ.
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 02-0307 DAE |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) DECLARATION OF |
| LENORA JEAN AITCHISON, | ) JACK SCHWEIGERT, ESQ. |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF JACK SCHWEIGERT, ESQ.

I, Jack Schweigert, Esq., declare as follows:

1. I am attorney for Defendant Aitchison in this case.

2. Attached hereto as Exhibit 10 is a true and correct copy of portions of the transcript made of the suppression hearing on April 10, 2006 transcribed by Court Reporter Cynthia Fazio.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed in Honolulu, Hawaii this 23rd day of May, 2006.

_____
Declarant