IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-0307 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LENORA JEAN AITCHISON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's motion and the supporting and opposing memoranda, this Court DENIES Defendant's Motion to Reconsider Order Denying Defendant's Motion to Suppress All Evidence Seized, All Statements of Defendant and For Evidentiary Hearing.

BACKGROUND

I.    Factual History

On June 27, 2002, at approximately 9:55 a.m., Hawaii County Police Department ("HCPD") conducted a marijuana eradication project using helicopters

in the Kopua Farm Lots area of Puna on the Island of Hawaii. From one of the helicopters, HCPD Detective Sergeant Andrew Burian observed marijuana plants being cultivated in the area immediately surrounding Defendant Lenora Aitchison's ("Defendant") home. From the air, Detective Burian could also see Defendant on the property outside her home. After making this observation, Detective Burian directed HCPD Detective Marshall Kanehailua to the area, who was present in another helicopter with HCPD Officer Robert Hironaka, and HCPD Officer Robert Hatton. Detective Kanehailua and Officer Hironaka confirmed the presence of marijuana on the property. Detective Kanehailua testified that from the helicopter he observed approximately fifty marijuana plants in the front and back of Defendant's home. Shortly thereafter, Detective Kanehailua's helicopter landed in an area off of Defendant's property.

Detective Kanehailua and Officer Hatton then exited the helicopter and entered Defendant's property by stepping over a chain across the driveway. The officers did not see the "No Trespassing" or "Keep Out" signs that Defendant claims were posted on one of the cement pillars anchoring the chain and on a tree on the right side of the driveway. At the hearing, Detective Kanehailua testified that approximately twenty yards into Defendant's property, he observed marijuana

plants growing along both sides of the driveway. Walking down the driveway, Detective Kanehailua called out loudly to identify himself and Officer Hatton as police and to order Defendant out of her house. Defendant then exited the residence and Detective Kanehailua approached her, remaining approximately 30 feet from the building. He inquired about Defendant's identity; the whereabouts of her ex-husband; whether she had a permit to grow marijuana; and whether she would consent to a search of her home. Defendant identified herself as Lenora Aitchison and informed Detective Kanehailua that she was alone at the residence, and that the marijuana plants belonged to her and she did not have a medical marijuana permit.

      During the course of the conversation and from his position outside the residence, Detective Kanehailua observed marijuana stalks hanging upside down through an open window of the house. In response to the request by Detective Kanehailua, Defendant did not consent to a search of her home, and instead elected to contact her attorney, Mr. Gerard Lee Loy. After speaking with her attorney, Defendant handed the phone to Detective Kanehailua who informed Mr. Lee Loy that Defendant was being arrested for commercial promotion of marijuana. Mr. Lee Loy suggested that Detective Kanehailua obtain a search

warrant for Defendant's residence. Officer Hatton then arrested Defendant and advised her of her rights.

At 1:15 p.m. that afternoon, pursuant to an affidavit submitted by Detective Burian, Judge Sandra Schutte of the State District Court of the Third Circuit issued a search warrant for Defendant's residence located in the Kopua Farm Lots. Upon execution of the warrant, HCPD seized 876 marijuana plants ranging from seedlings to plants three feet in height. HCPD also recovered numerous Ziploc packets containing marijuana seeds and dried buds as well as a number of drying marijuana plants from Defendant's property.

## II. Procedural History

On May 9, 2005, Defendant filed a motion to suppress all evidence seized, all statements made by Defendant, and requested an evidentiary hearing.[1] On April 24, 2006 a hearing was held on the motion, and this Court denied Defendant's motion to suppress. On May 8, 2006, Defendant filed the present

---

[1] Defendant claimed her Fourth Amendment rights were violated as a result of a warrantless search absent exigent circumstances, state law relevance to the "reasonableness" of police conduct, extraction of Defendant's statements in violation of the Fifth Amendment, an invalid search warrant, and necessity of an evidentiary hearing to determine if the search warrant was properly issued.

motion to reconsider the order denying Defendant's motion to suppress.  On May 12, 2006, the government submitted its Opposition to Defendant's motion to reconsider ("Opposition").  On May 23, 2006, Defendant filed a reply.

STANDARD OF REVIEW

The standard of review for a motion for reconsideration is abuse of discretion.  Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982).  There is a compelling interest in the finality of judgments, which should not be lightly disregarded.  Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit has identified three major grounds that justify reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice.  Carnell, 872 F. Supp. at 758-759.

The District of Hawaii has implemented these standards in Local Rule 60.1, which explicitly mandates that motions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) discovery of new

5

material facts not previously available; (b) intervening change in the law; or (c) manifest error of law or fact. LR60.1. The movant's basis for reconsideration, whether in law or fact, must be "strongly convincing" to induce the court to reverse its prior decision. Stein v. State Farm Mut. Auto. Ins. Co., 934 F. Supp. 1171, 1173 (D. Haw. 1996). Local Rule 60.1 is applicable in the instant case, as the District of Hawaii has also determined that local rules pertaining to civil motions are applicable to motions in criminal cases. CrimLR12.3.

## DISCUSSION

I.   The Court Did Not Err In Holding That Entry Onto Defendant's Property Prior to Issuance of a Warrant was Lawful

In its April 24, 2006 Order Denying Defendant's Motion to Suppress ("Order"), this Court explicitly held that HCPD had lawfully entered the curtilage of Defendant's property for the purpose of speaking with her and had probable cause to do so based on its aerial observation of marijuana plants and Defendant's presence on the property. (Order 11.) Defendant does not offer new evidence or a change in law to dispute the Court's finding of lawful entry. Defendant claims this Court erred in its finding of lawful entry and reiterates the argument raised in her motion to suppress that HCPD conducted a warrantless search by entering Defendant's property absent exigent circumstances. (Def.'s Mot. Recons. 1-2.)

Curiously, Defendant argues that one of the bases for a valid warrantless search is a warrant. Defendant inaccurately states "[w]arrantless searches by a government agent are unreasonable and invalid unless based on probable cause <u>and</u> executed pursuant to a warrant." (Def.'s Mot. Recons. 2.) Defendant misconstrues <u>Katz v. United States</u>, which states "[s]earches conducted without warrants have been held unlawful 'notwithstanding facts unquestionably showing probable cause.'" <u>Katz v. United States</u>, 389 U.S. 347, 357 (U.S. 1967) (quoting <u>Agnello v. United States</u>, 269 U.S. 20, 33 (1925)). The issue of probable cause was considered and addressed in this court's Order where the court found a showing of probable cause and determined that HCPD had lawfully entered Defendant's property. (Order 11.)

Defendant's reiteration of her argument that exigent circumstances were absent in the instant case is without merit. Exigent circumstances justify a warrantless entry, search, or seizure when police officers, acting on probable cause and in good faith, reasonably believe from the totality of the circumstances that evidence will imminently be destroyed. <u>United States v. Kunkler</u>, 679 F.2d 187, 192 (9th Cir. 1982). As stated in the Order, HCPD had concerns that Defendant had observed the officers during the aerial observation and might destroy evidence. This Court found that concern to be valid. (Order 11.)

Defendant argues that she could not have destroyed more than fifty marijuana plants growing on her property before HCPD presented her with a warrant, and therefore, there was no imminence of evidence destruction. Defendant maintains that, without reasonable concern that evidence would be destroyed, HCPD lacked the exigent circumstances required for a warrantless entry, search, or seizure of the property. (Def.'s Mot. Recons. 3-4.)

The Government restates in its Opposition that the officers' concerns of evidence destruction went beyond the marijuana plants. (Pl.'s Opp. Mot. Recons. 5.) Citing Detective Kanehailua's testimony, the Opposition states that other relevant evidence, such as paperwork demonstrating the scope and extent of Defendant's marijuana cultivation and trafficking operation would have been very susceptible to being quickly destroyed. (Pl.'s Opp. Mot. Recons. 5-6.) The Government suggests this other evidence, likely found in Defendant's residence, could have been destroyed in the hours between HCPD's aerial observations (at approximately 9:55 a.m.) and the issuance of the search warrant (at 1:15 p.m.). (Pl.'s Opp. Mot. Recons. 6.) Securing a dwelling, on the basis of probable cause to prevent the destruction of evidence while a search warrant is being sought is not an unreasonable seizure. Segura v. United States, 468 U.S. 796, 810 (1984).

This Court finds, as in its prior findings, that given HCPD's valid concerns of evidence destruction, the police had probable cause to enter Defendant's property. Defendant has failed to provide evidence of a manifest error of law or fact on the issue of unlawful entry.

II. The Court Did Not Err In Holding That the Search Warrant was Valid and Properly Issued

   A. The search warrant was not affected or prompted by tainted evidence.

In its Order, this Court found that the search warrant issued for Defendant's property was valid. (Order 25.) This Court also found that Judge Schutte had a substantial basis for concluding that probable cause existed and all evidence recovered as a result of the search warrant issued need not be suppressed. (Order 25.) Defendant does not present any new evidence or change in law to dispute the Court's finding of a valid warrant, but argues that the Court committed manifest error by finding sufficient probable cause for issuance of the warrant.

Citing Murray v. United States, Defendant argues that allegedly tainted information affected the State District Court's decision to issue the search warrant in the instant case and the warrant was, therefore, invalid. Murray v. United States, 108 S. Ct. 2529, 2539 (1988). Defendant suggests HCPD's

9

observations subsequent to entering Defendant's property and prior to issuance of the warrant represent tainted evidence. (Def.'s Mot. Recons. 5.) Defendant argues that this allegedly tainted evidence far outweighed the evidence provided by the aerial observations submitted in the affidavit to the State District Court, and the warrant issued based on this information was invalid. (Def.'s Mot. Recons. 5-6.)

   First, this Court already determined in its Order that the observations of the HCPD officers while on Defendant's property for the purpose of speaking with her were not unlawful and did not constitute tainted evidence. (Order 11.) Secondly, even if the officers had included tainted evidence in the affidavit, Defendant misconstrues the effect of tainted evidence on the issuance of a warrant. The inclusion of indisputably tainted allegations in an affidavit does not necessarily render the resulting warrant invalid. United States v. Giordano, 416 U.S. 505, 556 (U.S. 1974). The ultimate inquiry on a motion to suppress evidence seized pursuant to a warrant is not whether the underlying affidavit contained allegations based on illegally obtained evidence, but whether, putting aside all tainted allegations, the independent and lawful information stated in the affidavit suffices to show probable cause. United States v. Giordano, 416 U.S. at 556. As stated in this Court's Order, the aerial observations alone, absent any observations

made after entering Defendant's property, would have provided a substantial basis to conclude that probable cause existed for the issuance of the warrant. (Order 25.)

Defendant also argues that the allegedly tainted evidence prompted Detective Kanehailua to obtain a search warrant, citing the search warrant's inclusion of the right to search the residence and Detective Kanehailua's police report as evidence. (Def.'s Mot. Recons. 6-7.) Defendant argues, "it is clear that these particular police officers would not have not [sic] been prompted to seek a search warrant without the information learned of from the unlawful search." (Def.'s Mot. Recons. 7.) As stated previously, this Court found no unlawful search in this case. (Order 11.) Specifically, the search warrant request for Defendant's residence was based on the HCPD officers' aerial observations of more than fifty marijuana plants growing on Defendant's property and the officers' knowledge from past experience that equipment, currency, and documents used in the cultivation, processing and distribution of marijuana may be found within buildings located on the premises where marijuana is being cultivated. (Def.'s Reply Supp. Mot. Suppress, Ex. 2, 7-10.) Although the officers' observations of marijuana while on Defendant's property were also included in the affidavit, they were not the motivating factor for the request to search the residence.

B.   The search warrant was not based on observations made after entering Defendant's property.

Defendant suggests that Detective Kanehailua's police report provides evidence that the request for a search warrant of the residence was based on observations made after entering Defendant's property, not on the aerial observations made prior to entry. (Def.'s Mot. Recons. 6-7.) Defendant emphasizes that this request was made after Detective Kanehailua viewed the marijuana plants drying through the open window, and was denied consent to search the residence by Defendant and Mr. Lee Loy via telephone. (Def.'s Mot. Recons. 7.) Defendant cites the police report as stating, "[a]t that point I informed Detective Andrew Burian of my information and requested that he attempt to obtain a search warrant to search the structure." (Def.'s Mot. Suppress, Ex. E, 4.)

Defendant misconstrues Detective Kanehailua's police report statement with respect to the timing and the basis of the search warrant request. Within the same report, Detective Kanehailua explains that prior to landing the helicopter, "[i]nformation was relayed to Officer Hironaka and me that there was a possibility of a search warrant being that the marijuana plants were well within the property lines and in the open." (Def.'s Mot. Suppress, Ex. E, 1.) Regarding his telephone conversation with Mr. Lee Loy, Detective Kanehailua's report states,

> I informed him that we had made an aerial observation of marijuana that was in excess of fifty or more marijuana plants and possibly up to as much as 500 which was an estimate and that we were in the process of obtaining a search warrant to search her residence.

(Def.'s Mot. Suppress, Ex. E, 4.)  These two statements from Detective Kanehailua's report demonstrate that the search warrant request was not based on observations made after the officers entered Defendant's property, but on the aerial observations prior to entry.

Defendant has failed to provide evidence of a manifest error of law or fact to reverse this Court's finding of a valid and properly issued warrant in this case.

III.   <u>Defendant Is Not Entitled To a Further Evidentiary Hearing on the Issue of Suppression</u>

Defendant argues that she is entitled to another evidentiary hearing on the issue of suppression.  Defendant suggests that the Court committed error in the rulings of its Order, and Defendant presents new evidence to support the same arguments offered during the motion to suppress hearing.  (Def.'s Mot. Supp. 12-13.)

When factual issues are involved in deciding a pretrial motion, the Court must state its essential findings on the record.  Fed. R. Crim. P. 12(d).

13

Defendant appears to be arguing that this Court failed to state its essential findings of fact in its Order.[2] However, Defendant fails to identify which essential findings of fact remain unaddressed in the Court's Order. Defendant points to alleged inaccuracies in Detective Burian's affidavit, but does not explain how they represent an unaddressed issue by the Court. (Def.'s Mot. Recons. 9.) Defendant also suggests that the incomplete, and allegedly misleading, viewing of a June 27, 2002 home video shot by Defendant's neighbor Robert Patten is evidence that "[a] further evidentiary hearing is therefore warranted." (Def.'s Mot. Recons. 9.)

A second hearing on a motion to suppress evidence cannot be considered unless Defendant has first proven valid grounds for reconsideration of the Court's Order. As previously outlined, motions for reconsideration of interlocutory orders may be brought only upon discovery of new material facts not previously available, intervening change in law, or manifest error of law or fact.

---

[2]This Court determined that: 1) federal law governed the issue of suppression; 2) HCPD had lawfully entered the curtilage of Defendant's property for the purpose of speaking with her and had probable cause to do so; 3) the aerial observation and observations while on Defendant's property did not constitute unlawful searches and were proper bases for probable cause; 4) the search warrant issued by Judge Schutte was valid and all evidence recovered as a result need not be suppressed; 5) Defendant's statements to Detective Kanehailua were not entitled to suppression, as Defendant was not in custody at the time and was not entitled to Miranda warnings; and 6) Defendant's argument that her marijuana plants could not have been seen from the air without sense-enhancing equipment was found to be without merit.

LR60.1.  Defendant now submits photographs and declarations as proof of posted "No Trespassing" signs to dispute HCPD's statements that the officers did not see any signs upon entry onto Defendant's property.  (Def.'s Mot. Recons. Ex. 2-3, 5-8.)  Defendant also argues that the Government failed to present a full viewing of Mr. Patten's videotape, which would have revealed HCPD officers removing marijuana plants from Defendant's property before the search warrant was issued.  (Def.'s Mot. Recons. 8.)

   First, if the "No Trespassing" signs were in place on Defendant's property prior to June 22, 2002, this evidence would have been available at the time of the hearing on the motion to suppress.  Similarly, Defendant had an opportunity to present a full viewing of Mr. Patten's videotape at the evidentiary hearing, but chose not to do so.  (Pl.'s Opp. Mot. Recons. 3.)  Defendant has failed to demonstrate the discovery of new material facts not previously available.  Secondly, there has been no intervening change in relevant law since this Court issued its Order.  Finally, Defendant has not articulated or demonstrated how this Court erred in law or fact in the essential findings of its Order.

   Defendant has not established any valid grounds for reconsidering this Court's Order and is not entitled to an additional hearing on the suppression issue.

CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion to Reconsider Order Denying Defendant's Motion to Suppress All Evidence Seized, All Statements of Defendant, and For Evidentiary Hearing.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 14, 2006.



_____
David Alan Ezra
United States District Judge

United States of America v. Lenora Jean Aitchison, CR No. 02-0307 DAE; ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS ALL EVIDENCE SEIZED, ALL STATEMENTS OF DEFENDANT AND FOR EVIDENTIARY HEARING

16