


**U.S. Department of Justice**

*United States Attorney*
*District of Hawaii*

---

PJKK Federal Building         (808) 541-2850
300 Ala Moana Blvd., Room 6-100    FAX (808) 541-2958
Honolulu, Hawaii 96850

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

February 5, 2008

FEB 11 2008

at 2 o'clock a 30 min. P M.
SUE BEITIA CLERK

G. Gary Singh, Esq.
220 South King Street, Suite #2150
Honolulu, HI 96813

    Re:  <u>USA v. Lenora Jean Aitchison</u>, USDC-Hawaii Cr. No. #02-0807DAE.

        Sentencing Date: 2/11/08 at 2:15 p.m. before the Honorable David A. Ezra, U.S. District Judge

Dear Mr. Singh:

    The purpose of this letter is to fully and finally resolve both sides' currently-outstanding sentencing objections, as well as defendant's reserved appeal of the adverse suppression rulings described below.

    Your client, defendant Lenora Jean Aitchison, was charged in the Indictment with one count of manufacturing and a second count of possessing with intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B). Given the number of marijuana plants and her prior state felony drug conviction in 1974 (as alleged in the Amended Special Information filed 7/7/06), defendant faced a statutory imprisonment term of at least 10 years (120 months) and up to life. See 21 U.S.C. 841(b)(1)(B).

    On July 20, 2006, defendant entered a conditional plea of guilty to both charges in the Indictment, reserving her right to appeal to the U.S. Ninth Circuit Court of Appeals the following adverse pretrial rulings of the District Court: (1) "Order Denying Defendant's Motion to Suppress All Evidence Seized, All Statements of Defendant and for Evidentiary Hearing, filed 4/24/06, and (2) "Order Denying Defendant's Motion to Reconsider Order Denying Defendant's Motion to Suppress" filed 6/14/06 (hereinafter referred-to as "reserved appeal").

    Should the District Court determine that defendant qualifies for the "safety valve" provision, then she would not be subject



EXHIBIT
1

to the above-referenced statutory minimum sentence and in addition, she would be eligible for an additional two-level reduction in her offense level under the U.S. Sentencing Commission Guidelines. See 18 U.S.C. 3553(f) and U.S.S.G. 2D1.1(b)(9). The United States has heretofore objected to the application of the "safety valve" provision to defendant.

In its most recent version of the Presentence Report ("PSR"), the Probation Office has calculated defendant's Total Offense Level ("TOL") to be "26", Criminal History Category I, resulting in an advisory Guideline Sentencing Range of 63 - 78 months imprisonment; however, the PSR also noted that defendant's Guideline sentence would be 120 months in the absence of the "safety valve". Defendant has already filed her objections to the Probation Office's TOL determination of "26".

In view of the foregoing, the United States and defendant now hereby agree as follows:

(1) The United States will withdraw its objection thereto and now recommend to the District Court that the "safety valve" provision be applied to defendant. The effect of this change in the United States' position is that defendant is no longer subject to the statutory minimum imprisonment sentence of 120 months and furthermore, that her TOL should be reduced an additional two levels to "24".

(2) Defendant shall withdraw all of her objections to the Probation Office's determination that her TOL, without consideration of the "safety valve's" applicability, is "26". In addition, defendant will now agree that after application of the "safety valve" provision, her TOL is "24".

(3) With her TOL being established at "24", Criminal History Category I, defendant's advisory Guideline Sentencing Range is 51 - 63 months imprisonment.

(4) After consideration of all of the sentencing considerations articulated in 18 U.S.C. 3553(a), the appropriate imprisonment sentence for defendant herein is 48 months (4 years), and both sides will recommend to the District Court that this sentence be imposed.

(5) As a result of the foregoing sentencing concessions made by the United States, defendant also waives and gives up her right to pursue her above-described reserved appeal.

(6) The parties are free to make their own sentencing recommendations as to fines and the term of supervised release

(TSR).

The parties further understand that the District Court is not a party to this sentencing letter agreement and that it may independently make its own findings and determinations and sentence the defendant in accordance therewith.

Lastly, both sides shall jointly submit this letter into evidence at the sentencing hearing as Joint Exhibit "1".

EDWARD H. KUBO, JR.
United States Attorney

By _____
MICHAEL K. KAWAHARA
Assistant U.S. Attorney

AGREED AND ACCEPTED:

_____  2-7-08
LENORA JEAN AITCHISON
Defendant

_____
G. GARY SINGH
Attorney for Defendant

3